IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                            No. CR 05-1619 JB

JOSE ANTONIO COS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Strike United States' Motion to Reconsider Order Suppressing Evidence, filed April 26, 2006 (Doc. 47). The Court and the parties discussed this motion at a hearing on May 1, 2006. The primary issue is whether the Court should strike the United States' Motion to Reconsider or whether the Court should reconsider its Order Suppressing Evidence. Because the Court believes that it would be beneficial to the Court and to the parties for it to consider the legal argument that the United States is making in its Motion to Reconsider, the Court will deny Defendant Jose Antonio Cos' motion to strike.

## PROCEDURAL BACKGROUND

The Court held an evidentiary hearing, on November 2, 2005, before granting Cos' Motion to Suppress. See Memorandum Opinion and Order, filed April 25, 2006 (Doc. 44). The Court's ruling on the Motion to Suppress was a final ruling on that motion. Nevertheless, the United States moves the Court to reconsider its Memorandum Opinion and Order granting the motion to suppress. See Motion to Reconsider Order Suppressing Evidence, filed April 26, 2006 (Doc. 46); Supplemental Motion to Reconsider, filed May 1, 2006 (Doc. 50).

Cos moves the Court to strike the United States' Motion to Reconsider Order Suppressing Evidence. See Motion to Strike at 1-3. The United States requests that the Court deny Cos' motion to strike and to reconsider the suppression order. See Response to Defendant's Motion to Strike Government's Motion to Reconsider at 1, filed May 1, 2006 (Doc. 49).

## MOTIONS TO STRIKE IN CIVIL CASES

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Rule 7(a) defines the following to be pleadings: a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. Under rule 7(a), motions and other papers are not pleadings. "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." Searcy v. Soc. Security Admin., No. 91-4181, 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. March 2, 1992)(unpublished). See 2 J. Moore, Moore's Federal Practice § 12.37[2], at 12-100.1 (3d ed. 2005)("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

## LAW ON MOTIONS TO RECONSIDER

It is within the court's discretion to grant or to deny a motion to reconsider. See United States v. Wiseman, 172 F.3d 1196, 1207-08 (10th Cir. 1999). The district court is under no

obligation to grant a motion to reconsider. See id. at 1208.  The United States Court of Appeals for the Tenth Circuit has affirmed district courts that have initially granted motions to suppress, but subsequently granted reconsideration and vacated the original decision.  See, e.g., United States v. Lloyd, 46 Fed. Appx. 912, 913, 918 (10th Cir. July 30, 2002); United States v. Cobb, No. 98-6250, 1999 U.S. App. LEXIS 9483, at *3-9 (10th Cir. May 18, 1999).

In the civil context, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)(citing Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992)).  Instead, a motion for reconsideration is treated as a rule 59(e) motion to alter or amend the judgment if filed within ten days of the district court's entry of judgment or as a rule 60(b) motion for relief from judgment if filed more than ten days after entry of the judgment.  See id.  The Tenth Circuit has stated that a rule 59(e) motion should be granted "only to correct manifest errors of law or to present newly discovered evidence."  Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1274-75 (10th Cir. 2005)(quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)).  "The opportunity to present a motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed."  United States v. LaHue, 998 F.Supp. 1182, 1194 (D. Kan. 1998)(Lungstrum, J.)(citation and internal quotations omitted).

## ANALYSIS

Cos requests that the Court strike the United States' Motion to Reconsider.  See Motion to Strike at 1-3.  An order striking the United States' motion is not appropriate, however.  There is nothing inherently wrong with the United States' request, there is nothing scandalous in the motion, and there is no sound reason for the Court not to let it remain in the Court's file.  Further, while the

Federal Rules of Civil Procedure recognize a motion to strike only against pleadings and not against motions, and while the United States' Motion to Reconsider is not a pleading under rule 12(a) of the Federal Rules of Criminal Procedure, Cos has not cited to any authority that bars the United States from bringing a motion to reconsider in the criminal context, nor has the Court's independent research uncovered such authority.

On the other hand, it may be appropriate to treat Cos' motion as a request that the Court not consider the Motion to Reconsider. Under the circumstances, the Court is under no obligation to reconsider its Memorandum Opinion and Order granting the motion to suppress. See United States v. Wiseman, 172 F.3d at 1207-08 (finding no abuse of discretion when district court, after conducting evidentiary hearing on the initial motion to suppress, denied motion to reconsider order denying the motion to suppress). Thus, the Court needs some good reason why it should reconsider its decision before plunging into that task.

Cos argues that the United States' Motion to Reconsider Suppressing Evidence constitutes an untimely response to his Motion to Suppress. See Motion to Strike at 1-2. Cos asserts that the United States could have made any argument that the United States sets forth in its Motion to Reconsider in its response to Cos' Motion to Suppress. See id. Quoting from United States v. Bejarano-Ramirez, 35 Fed. Appx. 740, 746 (10th Cir. 2002), Cos also argues that "[t]he government knew what the limited issues were for the suppression hearing and simply did not develop its evidence fully for the hearing." Motion to Strike at 2.

The United States does not present any new evidence in its Motion to Reconsider or its Supplemental Motion to Reconsider. See Motion to Reconsider Order Suppressing Evidence; Supplemental Motion to Reconsider. The United States does not attack any of the Court's findings

of fact. See id. Thus, the United States' motion to reconsider is solely a legal challenge. The United States contends that: (i) United States v. McAlpine, 919 F.2d 1461 (10th Cir. 1990), lends support to the conclusion that the woman who gave consent in this case, Feather Ricker, had actual authority, because McAlpine recognized a kidnap victim's consent as valid; (ii) the facts that Ricker was in the apartment while cooking and watching a movie, and had previously been inside the apartment, meant she had control over the apartment; (iii) Ricker's presence in the apartment in the middle of the day made it reasonable for the police officers to believe she had authority to consent to the search, and it would have been unreasonable for the police officers to ask further questions because the arrest warrant involved "violent criminal conduct"; (iv) the Court distinguished this case from United States v. Matlock, 415 U.S. 164, 170 (1974), by incorrectly noting that there was no evidence that the police officers knew, before asking for permission to search, that there were children in the apartment; (v) it is reasonable for police officers to believe that "anyone who answers a door has the authority to invite . . . officers into the common areas of a dwelling"; and (vi) the Court should consider the good-faith exception. Motion to Reconsider Order Suppressing Evidence at 1-3; Supplemental Motion to Reconsider at 1-2.

While the first, second, third, and fifth grounds rehash arguments that the Court has already considered, and the sixth introduces a new argument, the fourth ground, if true, gives the Court some pause. It is true that the United States could have emphasized that the tape of the encounter between the police officers and Ricker shows that at least some of the officers knew that there were children in the apartment. Instead, the United States pointed out this portion of the tape to show that there was reason to believe that Ricker was authorized to be in the apartment -- and was therefore distinguishable from a burglar or repair man, for example -- without explaining why this would lead

-5-

a reasonable police officer to believe that she had authority to consent to a search.  See Transcript of Hearing at 117:21-118:4 (taken November 2, 2005).[1]  But the United States may not have picked up on the significance of that fact until the Court quoted the Supreme Court of the United States' recent decision in Georgia v. Randolph, No. 04-1067, 2006 U.S. LEXIS 2498 (Mar. 22, 2006), for the proposition that, "[w]hen someone comes to the door of a domestic dwelling with a baby at her hip, . . . she shows that she belongs there, and that fact standing alone is enough to tell a law enforcement officer . . . that if she occupies the place along with others, she probably lives there subject to the assumption tenants usually make about their common authority when they share quarters." 2006 U.S. LEXIS 2498, at *16.  And the United States did not cite Georgia v. Randolph because it was not decided until March 22, 2006, months after the briefing, after the evidentiary argument, and after the arguing was completed.  Thus, there is a good reason for the United States to raise this new legal argument.

It is also true that the United States could have crafted this argument from United States v. Matlock, which the Supreme Court referenced in Georgia v. Randolph, see 2006 U.S. LEXIS 2498, at *16, and which was decided before this case began.  Nevertheless, given the evolution of the law in this area, the intervening Supreme Court decision, and the possible error in the Court's legal analysis, the Court does not believe the United States' motion is untimely.  While the United States did not request to submit supplemental briefs before the Court ruled on Cos' Motion to Suppress, it may not have been fully in a position to do so until the Court filed its opinion.

Given this situation, it would be beneficial for the Court and for the parties to re-examine the

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Court's suppression order.  If the Court concurs with the United States' arguments, granting the Motion to Reconsider would potentially obviate the need for a drawn-out appellate process and thereby promote a quicker resolution of Cos' case.  There is no sound reason for the Court not to consider a legal argument that the United States is now putting forward and requiring the Tenth Circuit to be the first to consider the argument.  The Court strives to get its orders correct before cases enter the appellate process, and the Court hesitates before summarily refusing to consider the United States' argument regardless of its possible merit.  The district court wrestling with the law and the precedents first seems to be best for an orderly and efficient judicial system.

Cos also argues that the United States' filing of a Motion to Reconsider is an attempt by the United States to obtain a de facto extension of the time period in which the United States has to appeal the Court's decision.  See Motion to Strike at 2.  If, however, the United States relies on its Motion to Reconsider to unilaterally extend the period of time to file a notice of appeal, it does so at its own risk.  In any case, whether any unfiled Notice of Appeal is timely – or whether the United States even files a Notice of Appeal – does not seem like a good reason to strike the Motion to Reconsider or for this Court not to do everything it can to rule correctly on the Motion to Suppress.

Finally, Cos argues that the United States' Motion to Reconsider serves only to prolong the process of litigation and does not further judicial economy.  See id. at 2-3 (citing United States v. Ibarra, 920 F.2d 702, 706 (10th Cir. 1990)).  There is no doubt that the Motion to Reconsider complicates matters, but it is not clear that it will significantly prolong this case or be inconsistent with judicial economy.  If anything, correcting a mistake now would save the parties the time and expense of doing so at the appellate level.  There is no immediate Speedy Trial Act deadline, and the Court intends to address swiftly the legal argument in the Motion to Reconsider.  In any case,

reaching the right decision outweighs what the Court hopes will be a slight delay in deciding the motion to reconsider.

**IT IS ORDERED** that the Defendant's Motion to Strike United States' Motion to Reconsider Order Suppressing Evidence is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
David M. Walsh
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Margaret A. Katze
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

   *Attorney for the Defendant*