IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. CR 05-1619 JB

JOSE ANTONIO COS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Continue Trial Setting, filed May 1, 2006 (Doc. 51). The Court discussed this motion with the parties at a hearing on May 1, 2006. The primary issue is whether the Court should vacate the May 8, 2006, trial even though Defendant Jose Antonio Cos remains in custody. Because the Court believes that a trial is not in any party's interest at this time, the Court will grant the motion and vacate the current setting. The Court will set the case for trial on the Court's next trailing docket.

## PROCEDURAL BACKGROUND

On April 25, 2006, the Court granted Cos' motion to suppress. See Memorandum Opinion and Order, filed April 25, 2006 (Doc. 44). The United States has filed a motion to continue the trial, which is currently scheduled for May 8, 2006. See Motion to Continue at 1. The United States represents that it currently cannot go to trial without the suppressed evidence of the firearm. See id.

The United States contends that, as a general rule, it has thirty days to file a notice of appeal from an order suppressing evidence. See id. The United States has filed a motion to reconsider and a supplemental motion to reconsider with the Court. See Motion to Reconsider Order Suppressing

Evidence, filed April 26, 2006 (Doc. 46); Supplemental Motion to Reconsider, filed May 1, 2006 (Doc. 50).  The United States reports that it has also commenced an internal review process to determine whether it is going to pursue an appeal.  See Motion to Continue at 1.  According to the United States, this process is an extensive one, involving coordination and input from supervisory levels and Department of Justice officials.  See id.  In the event that the Court does not grant the motion to reconsider, the United States would prefer to file a notice of appeal if and when it has ultimately determined to pursue an appeal.  See id. at 2.

The United States contacted Cos' counsel, Margaret Katze, and she opposes a continuance if Cos is kept in custody.  See id.  She told the United States that she has no opposition to the motion to continue if Cos is released.  See id.  At the hearing on May 1, 2006, Katze indicated that "[p]erhaps it was error on my part to tell [the United States] that if Mr. Cos is released, that we would agree to continue -- to a continuance because May 8th falls short of his 30 days to make a decision whether he wants to appeal."  Transcript of Hearing at 7:15-19 (taken May 1, 2006).[1]  Katze also stated: "But I do want to make it clear that we're not agreeing to a continuance of the trial."  Id. at 8:12-13.  On May 1, 2006 the Court orally denied Cos' motion to reconsider the Court's detention order and to set conditions of release.  See id. at 18:1-5.

The United States moves the Court for an order continuing the trial setting for May 8, 2006.  See Motion to Continue at 2.  The United States requests that, if the Court deems a hearing is necessary on this motion, the Court schedule the hearing for Friday, May 5, 2006.  See id.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

-2-

## **THE SPEEDY TRIAL ACT**

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005)(citing 18 U.S.C. § 3161(c)(1)). "The purpose of the Speedy Trial Act is to protect the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice." United States v. Larson, 417 F.3d 741, 746 (7th Cir. 2005). See United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005)(instructing that the Speedy Trial Act "is intended to mandate an orderly and expeditious procedure for federal criminal prosecutions by fixing specific, mechanical time limits within which the various progressions in the prosecution must occur" (citations and internal quotations omitted)).

The Speedy Trial Act recognizes certain exceptions from the seventy-day requirement, including "that the ends of justice served by taking such action [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The Court must consider the factors enumerated in the Speedy Trial Act, see United States v. Hill, 197 F.3d 436, 441 (10th Cir. 1999), which are:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must

base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B). "After considering these factors, the trial court must then set forth, 'in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.'" United States v. Hill, 197 F.3d at 441 (quoting 18 U.S.C. § 3161(h)(8)(A)).

## ANALYSIS

The Court has carefully considered what to do given that Cos is detained and given that the United States has filed a motion to reconsider the Court's suppression order. The Court concludes that it would be best to grant the motion. To do otherwise would be an inefficient use of prosecutorial and judicial resources.

The United States has indicated that, if the Court denies its motion to reconsider, it may appeal. See Motion to Continue at 2. In that case, there is no reason to go to trial next week, because all that refusing to vacate the trial will likely do is cause the United States to file its Notice of Appeal before it is fully ready to do so. And if the United States decides not to appeal, there will be no trial at all. Accordingly, there is no sound reason to refuse to continue the trial date and keep everyone in suspense this weekend, when the Court and the parties should be turning their scarce resources, energy, and time toward resolving the motion to reconsider. The Court will set the case for trial on the Court's next trailing docket.

While vacating the trial until the Court's next trailing docket will not impact the Speedy Trial Act's time limits, the Court nevertheless concludes, after considering the four factors in 18 U.S.C. § 3161(h)(8)(B), that the ends of justice served by continuing the trial outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The second and third factors do not weigh in favor of continuing the trial because the case is not so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself and the timing of the Cos' indictment and arrest do not counsel a delay in this case.

The first and fourth factors, however, weigh in favor of a continuance. It would not comport with justice to force this case to go to trial on May 8th when, as a result of the motion to suppress, there is no evidence in the case and the United States may soon be launching an appeal of that decision. Also, refusing to grant a continuance would deny counsel for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. If the Court denies the motion to reconsider, then the United States may appeal, necessitating a continuance. If the Court grants the motion to reconsider, there is not enough time left before trial for the United States to prepare its case before Monday morning. The time remaining before May 8th is not a reasonable period of time to complete pre-trial preparations. The United States' need to properly prepare for trial outweighs Cos' and the public's interest in a speedy trial. A continuance would therefore be proper under the Speedy Trial Act.

**IT IS ORDERED** that the United States' Motion to Continue Trial Setting is granted. The Court will set the case for trial on the Court's next trailing docket.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
David M. Walsh
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Margaret A. Katze
 Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*