**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    No. CR 05-1619 JB

JOSE ANTONIO COS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Reconsider Conditions of Release, filed April 26, 2006 (Doc. 45). The Court held a hearing on this motion on May 1, 2006. The primary issue is whether the Court should reconsider the detention order of the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, and set conditions for release. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the motion.

## FACTUAL BACKGROUND

Cos' alleged felon-in-possession offense arose out of an arrest warrant for him that the Albuquerque Police Department was executing at his residence. See Memorandum Opinion and Order at 2-4, filed April 25, 2006 (Doc. 44). The warrant was for Domestic Violence, Kidnapping and Aggravated Assault with intent to commit a violent felony on a household member. See id. at 3. Specifically, the warrant alleged that Cos was brandishing a knife at his ex-girlfriend and her new roommate while the two alleged victims were taking cover inside a parked vehicle. See id. at 2.

**PROCEDURAL BACKGROUND**

Cos has been detained since June 29, 2005. See Motion to Reconsider Conditions of Release at 1.  A grand jury charged Cos with violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), Felon in Possession of a Firearm and Ammunition. See Indictment at 1, filed July 27, 2005 (Doc. 8). Chief Judge Garcia entered an order of detention pending trial on July 5, 2005.

Pretrial Services did not have much information about Cos.  Pretrial Services gave his social security number and listed his date of birth as August 16, 1960.  See Pretrial Services Report ("Report") at 1.  However, his address was unknown, his time at any address was unknown, his time in the community was unknown, his employer/school was unknown, his employer's address was unknown, his monthly income was unknown, and his time in employment or in school was unknown. Id.  A Spanish interpreter has been needed for all court proceedings.  See Transcript of Hearing at 2:22-3:5 (taken November 2, 2005); Transcript of Hearing at 2:22-3:4 (taken May 1, 2006).[1]

Pretrial Services stated that Cos is "reported" to be in the United States illegally.  Report at 1.  Pretrial Services stated that, as Cos is subject to removal and deportation proceedings, Pretrial Services did not interview him. Id.  Very little else is known about Cos' history, residences, or family ties.  See generally id. at 1-4.

Pretrial Services stated that, according to United States Department of Homeland Security, Immigration and Customs Enforcement documents, Cos is 44 years old, was born in Cuba, and is currently in the United States illegally.  See id. at 1.  Pretrial Services reported that additional biographical information about Cos or the existence of family ties is not available.  See id.  Pretrial

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Services stated that, on June 30, 2005, immigration authorities issued a detainer on Cos, which remains outstanding.  See id.

There is also little information about Cos' employment history and financial resources. Pretrial Services stated that, while arresting agency documents list Cos' occupation as laborer, no additional information regarding his work history or financial resources is available.  See id.  And as to his health, Pretrial Services stated that there is no available information concerning Cos' physical or mental health.  See id.

The one area that Pretrial Services does know a lot about Cos is his prior record.  Pretrial Services stated that research of local records and the National Crime Information Center ("NCIC") database revealed an offense history.  See id.  Pretrial Services reported a number of additional identifiers: (i) Jose Antonio Gondre; (ii) Carlos Guvino San Marcos; (iii) Carlos San Miguel; (iv) Jose Antonio Condre: (v) Carlos Sanmiguel-Rutimio; (vi) Carlos San Miguel Rutimo; and (vii) Jose Gonore-Cos.  See id. at 2.

Cos was arrested on May 29, 1996 in Albuquerque, and a state grand jury handed down an indictment on February 18, 1997.  See id.  The indictment charged Cos with: (i) Trafficking a Controlled Substance by Possession with Intent to Distribute; (ii) Tampering with Evidence; (iii) Resisting/Evading/Obstructing an Officer; and (iv) Concealing Identity.  See id.  On the same day as the indictment, the state court issued a bench warrant.  See id.

The bench warrant was returned on February 24, 1997, and conditions of release were filed. See id.  Cos entered a guilty plea to Count I on August 13, 1997, and on February 24, 1998, a Nolle Prosequi was entered on Counts 2, 3, and 4.  See id.  On November 14, 1997, the state court imposed a sentence of 18 years custody, but suspended 13 years and gave Cos 5 years probation upon release,

plus 2 years of parole.  See id.

The 9700455 case was consolidated with D-202-CR-9702516 (2nd Judicial District Court, Albuquerque).  See id.  Cos was arrested in 1997 in Albuquerque and charged with Trafficking a Controlled Substance with Intent to Distribute.  See id. at 3.  The criminal complaint was filed on August 7, 1997, and Cos received the same sentence as for 9700455.  See id.

Cos had problems complying with his conditions of probation.  On January 27, 1998, the state court issued a bench warrant for his failure to comply with conditions of probation.  See id. at 2.  On March 23, 1999, the bench warrant was returned.  See id.  On June 9, 1999, Cos was given 5 years probation upon release from custody, which was to begin January 20, 2000.  See id.

On October 23, 2001, a bench warrant was issued for a probation violation.  See id.  The bench warrant was returned on October 25, 2001.  See id.  Cos admitted to a violation.  See id.  The state court sentenced him by imposing all terms of his original probation sentence, with the additional condition that Cos enter and successfully complete the community corrections unit program.  See id.

On November 7, 2002, the state court issued a bench warrant for Cos' failure to comply with his condition of probation.  See id.  The bench warrant was returned on November 12, 2002.  See id.  On June 26, 2003, a Withdrawal of Third Motion to Revoke Probation was filed.  See id.  On January 27, 2005, probation supervision was terminated.  See id.

There were other incidents with law enforcement.  On November 7, 1996, Cos was arrested in Albuquerque for Controlled Substance/Traffic by Distribution.  See id.  On December 21, 1996, the Court entered a Nolle Prosequi.  See id.

On June 29, 2005, charges were filed against Cos for: (i) Kidnapping without Great Bodily Harm;  (ii) Kidnapping without Great Bodily Harm;  (iii) Assault Against a Household Member; and

(iv) Assault with Intent to Commit a Violent Felony. See id. at 3. On June 29, 2005, the state court issued a felony warrant. See id.

Probation assessed the risk of nonappearance and Cos' danger to the community. As to the risk of nonappearance, Pretrial Services viewed Cos as a risk of nonappearance for a number of reasons: (i) there is insufficient information regarding Cos' family, community, employment, and financial ties to the United States; (ii) poor performance while on supervised probation, resulting in the issuance of warrants; (iii) the use of numerous aliases; (iv) Cos is illegally in the United States; (v) Cos may maintain strong ties to a foreign country; (vi) Cos has an Immigration hold; and (vii) Cos is facing deportation. See id. at 3-4.

Cos filed a Motion to Suppress on September 30, 2005. See Doc. 19. The Court held an evidentiary hearing on the Motion to Suppress on November 2, 2005. On April 25, 2006, the Court filed a Memorandum Opinion and Order granting the Motion to Suppress. The Court concluded that the United States had not met its burden of demonstrating that the search of Cos' apartment fell under one of the exceptions to a warrantless search. See Memorandum Opinion and Order at 18. The Court found that the officers did not have a reasonable belief that Cos was in the apartment. See id. at 18-24. The Court further found that the person who consented to the search of Cos' apartment had neither actual nor apparent authority to consent to the search. See id. at 24-31. The Court therefore granted Cos' motion, and suppressed any physical evidence obtained from the illegal search and any evidence derived therefrom. See id. at 31.

Cos moves the Court to reconsider the order of detention filed on July 5, 2005. See Motion to Reconsider Conditions of Release at 1-2. Cos asks the Court to set conditions of release. See id. The United States opposes this motion. See Response at 1-2, filed May 1, 2006 (Doc. 48).

Although the Court has suppressed the evidence in this case, the United States has asked the

Court to reconsider its ruling and is also considering an appeal. See id. at 2. The United States

moves the Court to deny Cos' motion to reconsider conditions of release and to keep Cos in custody.

See id.

## LEGAL STANDARD FOR DETENTION

18 U.S.C. § 3142(g) provides:

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning–

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) [18 USCS § 2332b(g)(5)(B)] for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

### ANALYSIS

Cos argues that the United States will not be able to proceed with a prosecution against Cos without the suppressed evidence. See Motion to Reconsider Conditions of Release at 2. Cos contends that, under such circumstances, it is not just to continue holding Cos in jail. See id. Cos requests that the Court reconsider the previously entered order of detention pending trial and set conditions of release. See id. The United States opposes the modifications of Cos' conditions of release, contending that Cos is a danger to the community. See Transcript of Hearing at 10:9-20 (taken May 1, 2006).

After reviewing the factors outlined in § 3142(g), the Court concludes that it should not reconsider the previously entered order of detention pending trial and set conditions of release. The nature and circumstances of the offense charged remain unchanged. While the weight of the evidence may have changed in light of the Court's suppression of the firearm, that factor should not be given much weight because the United States may appeal that ruling. The gun is still available as possible evidence; the issue is whether it is admissible. Further, Cos' history and characteristics raise a significant risk of non-appearance because of the lack of information the Court has about his family, about what he is doing in the community, about his employment, and about his financial ties. Regarding his criminal history, he was a defendant in two consolidated cases in state court and demonstrated poor performance while on supervised release. According to Pretrial Services, he also has a number of aliases. While there was some dispute at the hearing whether Cos is in the country legally, he has an Immigration hold against him. Finally, on the nature and seriousness of the danger factor, his criminal history reflects prior offenses of a serious nature and a record of probation violations.

With these factors in mind, the Court sees no condition or combination of conditions that will reasonably assure Cos' appearance or alleviate the risk that his release will pose to the community. The Court will therefore deny Defendant's Motion to Reconsider Conditions of Release.

**IT IS ORDERED** that the Defendant's Motion to Reconsider Conditions of Release is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
David M. Walsh
  Assistant United States Attorney for the
    District of New Mexico
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Margaret A. Katze
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

        *Attorney for the Defendant*