**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 05-1619 JB

JOSE ANTONIO COS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Immediate Release Pending Appeal, filed March 9, 2007 (Doc. 91)("Motion for Immediate Release"). The Court held a hearing on this motion on April 4, 2007. The primary issue is whether the Court should release Defendant Jose Antonio Cos pending the United States Court of Appeals for the Tenth Circuit's decision on the United States' appeal of the Court's suppression of evidence in Cos' case. Because the Court believes that Cos' release is necessary to prevent a due process violation, the Court will release Cos pending the Tenth Circuit's ruling on the United States' appeal.

**FACTUAL BACKGROUND**

On June 25, 2005, Albuquerque Police Department officers discovered a firearm at Cos' residence while executing a state arrest warrant for kidnaping, aggravated assault, and aggravated assault with a deadly weapon. See Memorandum Opinion and Order at 7, filed April 25, 2006 (Doc. 44)("Suppression Opinion"); Transcript of Evidentiary Hearing at 44:15-16 (Guilmette)(taken

November 2, 2005)("Suppression Hearing Transcript").[1]  The incident underlying the state warrant involved Cos allegedly brandishing a knife at his ex-girlfriend and a male individual, while the two took cover inside a parked car.  See Suppression Opinion at 2; Suppression Hearing Transcript at 7:21-25 (Mayhew).

## PROCEDURAL BACKGROUND

Pursuant to the police officers' discovery of the firearm, the United States charged Cos with possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  See Indictment, filed July 27, 2005 (Doc. 8).  Cos has been detained, and in government custody, since his arrest on June 29, 2005.  See United States v. Cos, No. 06-2244, 2006 U.S. App. LEXIS 25136, at *3 (10th Cir. Oct. 4, 2006).  The Honorable Don J. Svet, United States Magistrate Judge, ordered Cos to be detained on July 5, 2005.  See Order of Detention, filed July 5, 2005 (Doc. 7).

Cos filed a motion to suppress evidence against him on September 30, 2005.  See Defendant's Motion to Suppress at 6, filed September 30, 2005 (Doc. 19)("Motion to Suppress").  The Court granted Cos' motion to suppress on April 25, 2006.  See Suppression Opinion.  In response to the Court's disposition of Cos' motion to suppress and the Court's denial of the United States' three subsequent motions to reconsider that ruling, the United States filed a notice of interlocutory appeal on June 29, 2006.  See Notice of Appeal, filed June 29, 2006 (Doc. 68).

After the United States appealed the Court's suppression order, Cos filed a motion for release pending the outcome of that appeal.  See Defendant's Motion for Release Pending Appeal by the

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Government, filed July 25, 2006 (Doc. 74). The Court denied Cos' motion on August 14, 2006. See Memorandum Opinion and Order, filed August 14, 2006 (Doc. 78)("Court's August 14 Order"). On August 28, 2006, Cos filed a notice of interlocutory appeal of the Court's denial of his request for release. See Notice of Appeal, filed August 28, 2006 (Doc. 80).

The Tenth Circuit filed its Order and Judgment on Cos' appeal of this Court's detention order on October 4, 2006. See United States v. Cos, 2006 U.S. App. LEXIS 25136. The Tenth Circuit agreed with the Court that Cos was both a flight risk and a danger to the community. See id. at *12. The Tenth Circuit indicated, however, that because of the length of Cos' detention, the Due Process Clause requires greater justification for his continued detention, and remanded the case for the Court to consider three factors: (i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay in resolution of this case; and (iii) the strength of the evidence supporting detention. See id. at *14 (citing United States v. Millan, 4 F.3d 1038, 1043-47 (2d Cir. 1993)).

On remand the Court determined that Cos' pretrial detention had not yet violated the Due Process Clause. See Memorandum Opinion and Order, filed November 15, 2006 (Doc. 90)("Due Process Opinion"). In its November 15, 2006 Due Process Opinion, the Court concluded that, at that time, the United States' regulatory interests in detention outweighed the length of detention, and therefore the detention was not yet punitive and in violation of the Due Process Clause. See id. at 41. The Court cautioned, however, that, if "Cos finds himself detained after the early part of 2007, the Court will probably be required to find the length of his detention, when compared with the circumstantial nature of the evidence, requires release." Id.

The Tenth Circuit placed the United States' appeal of the Court's suppression order on an expedited schedule, and a Tenth Circuit panel heard oral argument on the United States' appeal on

-3-

January 16, 2007. See Motion for Immediate Release at 2. To date, the Tenth Circuit has not ruled on the United States' appeal.

On March 9, 2007, Cos moved the Court to release him immediately pending the United States' appeal of the Court's suppression order on whatever reasonable conditions the Court deems appropriate. See Motion for Immediate Release. The United States opposes this motion and contends that Cos should remain in custody. See United States' Response to Defendant's Motion for Immediate Release Pending Appeal, filed March 15, 2007 (Doc. 92)("United States' Response).

## DUE PROCESS IMPLICATIONS OF PRETRIAL DETENTION

Although liberty is the norm in our society, and "detention prior to trial or without trial is the carefully limited exception," an individual charged with serious felonies may be detained before trial when, after an adversary hearing, the individual is found "to pose a threat to the safety of individuals or to the community which no condition of release can dispel." United States v. Salerno, 481 U.S. 739, 755 (1987). When assessing the validity of a pretrial detention, the central issue is the detainee's right, in accordance with due process, to be free from punishment before the adjudication of guilt. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Littlefield v. Deland, 641 F.2d 729, 731 (10th Cir. 1981). Permissible pretrial detention serves a regulatory, as opposed to a punitive, purpose, but even "valid pretrial detention assumes a punitive character when it is prolonged significantly." United States v. Theron, 782 F.2d 1510, 1516 (10th Cir. 1986). Nevertheless, while the length of detention is an important factor in a court's due process analysis, "no case has established an absolute outside limit" on what comprises a constitutional period. United States v. Bernhardt, No. 97-1391, 1997 U.S. App. LEXIS 35295, at *5 (10th Cir. Dec. 16, 1997).

Courts that have considered the due process implications of a pretrial detention have focused

on three factors: (i) the length of confinement and any non-speculative expected confinement; (ii) the government's responsibility for delays in the proceedings; and (iii) the strength of evidence supporting detention. See United States v. Millan, 4 F.3d at 1043. In addition, some courts have added, as an additional factor, a comparison between the length of the likely sentence the defendant faces and the length of pretrial detention. See United States v. Cos, 2006 U.S. App. LEXIS 25136, at **12-13; United States v. Shareef, 907 F. Supp. 1481, 1484 (D. Kan. 1995)("The court believes that it is also appropriate to consider the potential terms of imprisonment to which the defendants may be sentenced if ultimately found guilty of the charges as compared to the prospective length of pretrial detention in determining whether the due process rights of a person may be violated.").

As the Tenth Circuit recognized in its order and judgment remanding this case, because of these due process concerns, to justify an extended detention, the government must prove more than what 18 U.S.C. § 3142 requires to justify an initial detention. See United States v. Cos, 2006 U.S. App. LEXIS 25136, at **13-14 (quoting United States v. Acetturo, 783 F.2d 382, 388 (3d Cir. 1986), and citing United States v. Shareef, 907 F. Supp. at 1483-84). The government's burden is even heavier where the district court has issued an order suppressing all the government's evidence. United States v. Shareef, 907 F. Supp. at 1485 ("[W]hen the admissibility of all evidence against defendants is questionable, . . . prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required.").

## ANALYSIS

Approximately five months have passed since the Court issued its Due Process Opinion. Cos has now been in custody for approximately twenty-two months and argues that, at this point, the length of his detention violates due process. See Motion for Immediate Release at 9. Cos requests

that the Court release him consistent with its November 15, 2006 Due Process Opinion. Because the Court believes that, in the absence of additional evidence justifying Cos' continued detention, any further detention threatens to violate due process, the Court will release Cos.

**I.      A REVIEW OF THE FACTORS RELEVANT TO THE DUE PROCESS INQUIRY COUNSELS FOR COS' RELEASE.**

In determining whether due process requires Cos' release, the Court must consider: (i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay in resolution of this case; and (iii) the strength of the evidence supporting detention. See United States v. Cos, 2006 U.S. App. LEXIS 25136 at *14. Cos argues that the approximately twenty-two month length of his detention, the length of his detention compared to the probable length of his overall sentence if convicted, the Court's finding that the United States is responsible for four months and one week of delay in this case, and the weakness of the United States' evidence in this case all counsel for his release. See Motion for Immediate Release at 3-8. The United States counters that Cos remains a flight risk and a danger to the community and that therefore the Court should not release him. See United States' Response ¶ 1, at 1.

The Court has already addressed each of Cos' arguments in its Due Process Opinion. The Court incorporates by reference all of its due process analysis in that opinion. In its November 15, 2006 opinion, the Court concluded that due process did not require Cos' release at that time. The Court cautioned, however, that if the Tenth Circuit did not decide the United States' appeal on Cos' motion to suppress in early 2007, the United States would need to present more evidence to justify Cos' continued detention. See Due Process Opinion at 38. The United States admits it has no new or additional evidence in support of continued detention. See United States' Response ¶ 1, at 1.

The Court believes that the length of Cos' detention is on the cusp of the amount of time that would constitute a due process violation in this case. The Court believes that, at this point, Cos' punishment is threatening to take on a punitive, rather than a regulatory, character. Accordingly, the Court believes that, to prevent a due process violation from occurring, it should release Cos from custody soon.

## II.     THE COURT SHOULD NOT CONSIDER THE IMPACT OF ANY IMMIGRATION DETAINER IMPOSED UPON COS.

The United States attempts to distinguish Cos' case from others in which courts have found that prolonged detention violates due process because "Cos remains an illegal alien and is presumably still subject to . . . [an] immigration detainer." Id. ¶ 2, at 1. The Court disagrees that this is an issue it properly should give great weight in determining whether to release Cos at this late stage. While the risk of Cos' nonappearance remains an important factor throughout the detention and due process analyses, the Court has already determined that Cos' possible flight to Cuba or elsewhere is, increasingly, unable to justify regulatory detention. See Due Process Opinion at 37 (distinguishing Cos' case from those involving defendants with ties to accessible foreign communities). The Court has already determined that risk of flight cannot, at this stage, justify further detention without more evidence. Now that the proceedings are where they are, the Court's role is to determine whether a violation of due process has occurred or is about to occur in relationship to the reasons for the Court's detention of Cos, not what Immigration and Customs Enforcement ("ICE") will do. If anything, the likelihood that ICE will detain Cos cuts in favor of release, because it means that Cos may not be fully released from government custody. The Court's obligation is to make certain that, if a due process violation has occurred, it is remedied as quickly as possible, or, if a violation is about

to occur, it is avoided.

The Court understands that, because of his residency status in the United States, ICE may take action to detain Cos under that agency's authority. At the hearing on this motion, Cos' counsel acknowledged that this is a possibility that Cos may have to address if the Court releases him. See Transcript of Hearing at 16:19-21 (Katze)(taken April 4, 2007). Cos emphasizes, however, that because of his status as a Cuban national, it is almost certain that the United States will not deport him. See id. at 16:25-17:3.

While the Court must continue to weigh whether Cos is a flight risk, any potential action that ICE may take is not relevant to the Court's obligation to ensure that Cos' detention in association with this case does not violate due process. Indeed, his residency status counsels in favor of release. Pending the Tenth Circuit's ruling on the United States' appeal of the Court's decision to suppress its evidence, the Court will release Cos from detention. Should ICE take steps to detain Cos upon his release, Cos and his counsel will have to address that action through the appropriate channels.

**IT IS ORDERED** that the Defendant's Motion for Immediate Release Pending Appeal is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
David M. Walsh
Louis E. Valencia
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Margaret A. Katze
  Federal Public Defender
Albuquerque, New Mexico

  *Attorney for the Defendant*